# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA ALELLO, | ) |
| Plaintiff, | ) Civil Action No.: 2:17-cv-7807 |
| v. | ) Judge: |
| SOUTHERN CREDIT RECOVERY, INC., | ) Magistrate: |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANGELA ALELLO ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, SOUTHERN CREDIT RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, resides in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Denham Springs, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Metairie, Louisiana.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household purposes.

19. Plaintiff does not owe the alleged debt.

20. On or around August 15, 2016, Defendant sent Plaintiff a collection letter (the "Letter") in an attempt to collect the alleged debt.

21. The Letter falsely represented the character and amount of the alleged debt.

22. Prior to August 15, 2016, Plaintiff had disputed the alleged debt with the original creditor, and the creditor admitted Plaintiff did not owe the debt.

23. Prior to August 15, 2016, Plaintiff had disputed the alleged debt with Defendant.

24. Upon information and belief, Defendant knew or should have known Plaintiff did not owe the alleged debt when it sent the Letter.

25. Defendant's Letter purported to be from a third-party attorney.

26. Defendant sent the Letter from its address, which is registered with the Louisiana Secretary of State.

27. Upon information and belief, Defendant's Letter was not sent by a third-party attorney.

28. Defendant's Letter states it was sent by the third-party attorney "for additional collection procedures. Your failure to pay $1,473.00 or arrange a payment plan with Southern Credit Recovery requires these procedures to protect our Client's interest."

29. The Letter contains a typed signature of an attorney.

30. The aforementioned attorney did not review the Letter.

31. Defendant has not taken additional collection procedures.

32. Defendant threatened action it did not intend to take.

33. Defendant's Letter is false, deceptive, and misleading because it gives the false impression collection procedures have escalated.

34. Defendant's Letter is false, deceptive, and misleading because no additional collection

procedures were required.

35. Defendant's Letter is false, deceptive, and misleading because it was purportedly sent from a third-party attorney yet it was sent from Defendant.

36. This Letter is generally false, deceptive, and misleading to the unsophisticated consumer because it can be read to have two or more meanings.

37. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

38. Defendant's collectors are familiar with the FDCPA.

39. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

41. The preceding paragraphs are incorporated as if fully stated herein.

42. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

43. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.
4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.
5. Any other relief that this Court deems appropriate.

DATED:  August 14, 2017			RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff